TO BE PUBLISHED

# $\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$ FINAL

2016-SC-000336-KB

DATE 10/4/16 Kim Redmon DC

KENTUCKY BAR ASSOCIATION                                           MOVANT

V.                                    IN SUPREME COURT

DOUGLAS C. BRANDON                                            RESPONDENT

## OPINION AND ORDER

The Board of Governors ("Board") for the Kentucky Bar Association ("KBA") recommends that Douglas C. Brandon be permanently disbarred from the practice of law and ordered to pay all relevant costs. We agree with and adopt the Board's recommendation. Brandon, whose bar roster address is P.O. Box 6000, Ashland, KY 41105, was admitted to the practice of law in the Commonwealth of Kentucky in 1970.

In January 2002, Brandon was indicted in the United States District Court for the Southern District of New York for his participation in an international Ponzi scheme. It was alleged that Brandon acting in concert with others had used the name Credit Bancorp Ltd. (CBL) to provide investors with "financial engineering and investment services." Brandon held himself out to be an "insured trustee" who would serve as trustee for customers who invested securities and others assets in CBL. Further, he claimed to be able to hold invested assets in custodial accounts controlled by him. However, in reality Brandon had no ability to fulfill his duties as a trustee or control over CBL

customer assets. Additionally, Brandon distributed written marketing materials, containing numerous false and misleading representations, to entice investors to invest in CBL. Ultimately at least eighty customers invested securities and other assets in CBL worth approximately two hundred million dollars. In June 2003, a jury found Brandon guilty of one count of conspiracy to commit securities fraud and wire fraud, two counts of securities fraud, and four counts of wire fraud.

In October 2003, the Inquiry Commission ("Commission") initiated a complaint against Brandon for the above described misconduct. Later that month, Brandon's counsel requested that the complaint be held in abeyance pending the adjudication of post-trial motions. However, prior to the Commission's consideration of the request, Brandon's counsel informed the KBA that the post-trial motions had been denied. Still, Brandon's sentencing was repeatedly delayed. In June 2005, Brandon was sentenced to ninety-seven months imprisonment followed by three years of supervised probation and restitution of $16.9 million dollars. The KBA, after learning of the sentencing, requested that this Court confirm the automatic temporary suspension of Brandon from the practice of law under SCR 3.166.[1] On October 20, 2005, the

---

[1] While Brandon was convicted after a jury trial in June 2003, the rule in effect at that time did not authorize automatic suspension upon a felony conviction in other jurisdictions. However, SCR 3.166, as amended on January 1, 2004, did permit such and it was the rule by which Bar Counsel sought Brandon's automatic temporary suspension.

2

Court issued an Opinion and Order suspending Brandon effective from June 2, 2005. *Kentucky Bar Ass'n v. Brandon*, 173 S.W.3d 909 (Ky. 2005).

In the meantime, Brandon's counsel requested that the Commission place this matter in abeyance under SCR 3.180(2). The matter remained in abeyance, awaiting Brandon's appeal of his judgment and sentence in the United States District Court. During the abeyance, Brandon's counsel regularly provided status updates to Bar Counsel, with the last update being provided in December 2014. However, in May 2015, Bar Counsel moved the Commission to remove the matter from abeyance due to a lack of recent status updates from Brandon's counsel and information that Brandon had been released from incarceration.

Subsequently, Bar Counsel served Brandon's attorneys of record and sent a courtesy copy to Brandon's bar roster address. The copy sent to Brandon's bar roster address was returned to the Bar Counsel noting that "thirty days expired" and "inmate not at this institution." Subsequent efforts to serve Brandon were similarly unsuccessful, with service ultimately accomplished by serving the Executive Director of the KBA. Due to Brandon's failure to respond to the Commission, the matter was removed from abeyance and a charge was filed against him. In February 2016, the Commission under SCR 3.210(1) submitted the matter to the Board of Governors, due to Brandon's failure to answer the charge.

The charge against Brandon alleged the following counts of misconduct: (1) SCR 3.130(8.4)(b) (previously SCR 3.130(8.3)(b)) (Misconduct) for

3

committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; (2) SCR 3.130(8.4)(c) (previously SCR 3.130(8.3)(c)) (Misconduct) for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; and (3) SCR 3.130(8.1) (Bar admission and disciplinary matters) for failing to respond to a lawful demand for information from an admissions or disciplinary authority.

Brandon's charges were submitted to the Board of Governors as a default case pursuant to SCR 3.210. Following a discussion of the charges, seventeen members of the Board voted on Brandon's charges. As to Counts I and II, the Board unanimously found Brandon guilty. As to Count III, the Board found Brandon guilty by a vote of 11 to 6. After considering the relevant authorities and Brandon's prior disciplinary history, the Board unanimously recommended that he be permanently disbarred from the practice of law and required to pay costs.

Having reviewed the record, we agree that the Board reached the appropriate conclusions as to Brandon's guilt. Due to his felony convictions it is clear that Brandon engaged in misconduct through his actions with CBL. Further, Brandon has failed to respond to the allegations made by Bar Counsel. Additionally, Brandon has not filed a notice with this Court to review the Board's decision, and we do not elect to review the decision of the Board under SCR 3.370(8). The decision of the Board is hereby adopted under SCR 3.370(10).

For the foregoing reasons, it is hereby ORDERED:

4

1. Douglas C. Brandon is permanently disbarred from the practice of law in the Commonwealth of Kentucky;

2. Pursuant to SCR 3.450, Brandon is ordered to pay all costs associated with this disciplinary proceeding, in the amount of $487.61, for which execution may issue from this Court upon finality of this Opinion and Order;

3. Pursuant to SCR 3.390, Brandon shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Brandon shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: September 22, 2016.

_____
CHIEF JUSTICE